BRADY, Justice.
Appellant was tried, found guilty of attempting to effect the escape of a prisoner incárcerated in the Hinds County jail and sentenced to serve one year in jail and to pay a fine of $500. This appeal is prosecuted from the judgment of the Circuit Court of the First District of Hinds County.
The facts which will determine the issues in this case are as follows. The appellant *433 was indicted, and the pertinent parts of the indictment are: “That James Marshall Vickers in said District, County and State on the 15th day of March, A.D., 1967 did then and there wilfully, unlawfully and feloniously convey and carry into the County Jail of said District, County and State, certain weapons and aids; towit: A 9 pellet tear gas gun, a kn,ife and a .25 calibre pistol, to Ronald K. Spivey then and there the said Ronald K. Spivey being lawfully detained as prisoner therein for the use of said Ronald K. Spivey with his intent thereby to facilitate the escape of said Ronald K. Spivey from said jail.”
This indictment was drawn under the provisions of Section 2131 of the Mississippi Code 1942 Annotated (1956), which is as follows:
Every person who shall convey into the penitentiary, jail, or other place of confinement any disguise, instrument, arms, or other things useful to any prisoner in his escape, with the intent thereby to facilitate the escape of any prisoner lawfully committed to or detained in such prison, jail or place for any felony whatever, whether such escape be effected or attempted or not, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years.
The testimony in the record without dispute reflects that Ronald K. Spivey was incarcerated in the Hinds County jail on March 9, 1967, on the charge of bank robbery and was released therefrom on March 10, 1967, to a United States Marshal. The record further discloses that on March 15, the date named in the indictment, Ronald K. Spivey was not held in custody in the Hinds County jail. Mr. Davis Crisler, one of the jailers of Hinds County, testified that on March 9 he received information that there was a gun inside the jail. Mr. Crisler was informed that Ronald K. Spivey and the two Parker brothers, who were also incarcerated in the jail at that time, were supposed to have the gun. A search was made on March 9, and Deputy Sheriff Bill Russell testified that he found a .25 calibre automatic pistol “under the pillow of one of the Parker brothers’ beds located on the top bunk.” Deputy Russell could not recall whether Ronald K. Spivey was in that particular cell or not, but the two Parker brothers and Elmer Hall were in the cell.
Chief Deputy Shelton testified that he had no information whatsoever as to how the .25 calibre automatic pistol found by Deputy Russell got into the jail cell. Mr. William Inman, another Hinds County jailer, testified that on March 9 Ronald K. Spivey and the Parker brothers were prisoners in the jail at the same time appellant Vickers was there. He testified that appellant Vickers was released on bond and the next time he saw Vickers was on March 15, 1967, when he was placed under arrest by Chief Deputy Shelton.
On March 15, 1967, a regular meeting of the jailers was called by Chief Deputy Shelton to discuss jail conditions and operation. About 2:30 P.M. Vickers came up to the fifth floor on the elevator. The record discloses that visitors or other persons can obtain entrance to the elevator in the Hinds County Courthouse which goes from the dispatcher’s office on the first floor to the fifth floor and without going through any doors can go to the jailer’s quarters; that in order to get into the cell-block the jailer must unlock the door which permits entrance into a hall and must then unlock two more doors to the cellblock in order that a prisoner can be incarcerated or access to a prisoner can be attained.
Vickers was told that Shelton wanted to see him. When appellant Vickers walked into the room where the jailers and Mr. Shelton were, he was advised that a warrant had been issued for his arrest and that he was under arrest. Jailer Crisler searched him and found a tear gas gun in his shirt pocket together with a container with nine gas pellets, a knife, and a pistol which was stuck in his belt in the middle of his back under his coat. These items were offered in evidence as Exhibits 3,4 and 5.
*434 The record discloses that a jail affidavit had been made by Deputy Ralph Fasano and a bench warrant issued by Justice of the Peace Fuqua. Chief Deputy Shelton testified that this warrant for the arrest of appellant with “aiding and abetting a conspiracy to help a prisoner escape from the county jail of Hinds County by bringing a gun or pistol into the county jail.” The warrant clearly was issued for the arrest of appellant Vickers for violating Mississippi Code 1942 Annotated section 2131 (1956) by bringing the .25 calibre automatic pistol into the jail, which was found on March 9 under the pillow in the cell occupied by the Parker brothers.
Inman further testified that he did not believe Vickers had been upstairs in the jail between March 9 and March 15. When the evidence offered by the State disclosed the fact that on March 15 Ronald K. Spivey was not being held in the jail, the appellant’s attorney requested that the jury be retired and made an oral motion that the indictment be dismissed against the appellant on the grounds that the appellant could not have on March 15 wilfully, unlawfully and feloni-ously conveyed and carried into said Hinds County jail to Ronald K. Spivey the three weapons disclosed in the indictment for the reason that by the State’s own testimony Ronald K. Spivey was not incarcerated in the jail on March 15. The court overruled this motion on the grounds that the State had just started the case and had put on only one witness. When the State had rested, counsel representing appellant again made an oral motion that the indictment be dismissed against appellant for the reason that on March 15 appellant could not have wilfully, unlawfully and feloniously conveyed and carried into the county jail a nine pellet tear gas gun, a knife and a .25 calibre pistol to Ronald K. Spivey with the intent thereby to facilitate the escape of said Spivey from the jail for the reason that Ronald K. Spivey was not a prisoner in the county jail on said date, having been released to a marshal on March 10, 1967. The trial judge advised appellant’s counsel that in reality he was asking for a directed verdict to find the appellant not guilty. Arguments were made by counsel representing appellant and by the State and the trial court then ruled as follows:
The Court is of the opinion that the motion is well taken under Section 2131 of the Code of 1942, and will direct the jury when instructions are requested that the jury cannot convict this defendant of the crime described in Section 2131. See Holland Versus State, 60 Mississippi 939.
But the Court is of the opinion that the issue may be presented to the jury of whether or not the defendant was armed as described and conveyed such arms into the jail to facilitate the escape of any prisoner so committed, whether such escape be effective or attempted or not. This crime is described as Section 2133 of the Code of 1942, and the Court is of the opinion that the defendant may be convicted under that section of the Code provided the jury so find the defendant guilty.
The only instruction granted the State is as follows:
The Court instructs the Jury for the State that if you believe from the evidence in this case beyond a reasonable doubt that James Marshall Vickers, at the time testified about, carried a pistol, a knife and a tear gas propelling instrument into the Hinds County Jail at Jackson, Mississippi for the purpose of aiding, assisting or facilitating the escape of any prisoner lawfully committed to said Jail, whether such escape be effected or attempted, or not, then and in that event the Court instructs you that James Marshall Vickers is guilty of conveying into said Jail arms and other things useful to facilitate the escape of any prisoner lawfully committed, in violation of Section 2133 of the Mississippi Code of 1942, recompiled, and it is your sworn duty to so find and the form of your verdict may be, “We, the Jury, find the Defendant guilty *435 of violating Section 2133 of the Mississippi Code of 1942, recompiled.”
This instruction permitted the jury to determine the guilt or innocence of this appellant not under the terms of Section 2131, upon which the indictment was drawn, but upon the terms of Section 2133 of said Code, which provides as follows:
Escape of prisoners — aiding others than felons from prison.
Every person who, by any means whatever, shall aid or assist any prisoner lawfully committed to any jail or place of confinement, in execution of any conviction for any criminal offense other than felony, to escape, whether such escape be effective or not, or who shall convey into such jail or place of confinement any disguise, instrument, arm, or other things useful to facilitate the escape of any prisoner so committed, whether such escape be effective or attempted or not, shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, or both.
Three errors are assigned which in substance present the following questions:
1. Did the lower court err in granting Instruction No. 1 for the State, permitting the jury to find the appellant guilty under Code Section 2133, even though the appellant was indicted under Section 2131?
2. Was the verdict of the jury and judgment of the lower court supported by any law or evidence and was it contrary to the overwhelming weight of the law and evidence therein?
3. Did the lower court err in not sustaining the motion made by the appellant at the end of the State’s case requesting a directed verdict and that the indictment be dismissed against the appellant?
A careful reading of the indictment together with an analysis of the facts as testified to in this cause, which facts were in the knowledge of the appellee, convinces us that the appellant was indicted expressly under the provisions of Mississippi Code 1942 Annotated section 2131 (1956). Section 2131 prohibits, among other things, the carrying into the penitentiary, jail or other place of confinement arms or other things useful in escape of any prisoner lawfully committed to or detained in such prison, jail or place for any felony. This section contemplates the actual transportation or carrying into the place of confinement a disguise, an instrument, arms or other things useful to the felon- lawfully committed with the intent on the part of the person carrying the instruments to facilitate the escape of the prisoner lawfully committed for a felony.
The proof shows that Ronald K. Spivey was a prisoner lawfully committed for the commission of a felony, charged with bank robbery. For these reasons it appears to us that the only logical conclusion to be drawn from this indictment is that it was predicated upon section 2131. The proof in this case wholly fails to establish that the arms, to-wit, a .25 automatic pistol, a gas gun with gas pellets, and knife, could have been conveyed into the county jail to facilitate the escape of the aforesaid Spivey or any other prisoner lawfully committed to or detained for any felony whatever for the reason that the said Spivey had been released from the Hinds County jail six days prior to the time the appellant went into the jail and for the further reason that there is no proof in the record that there was at the time any other prisoner lawfully committed for a felony.
It is the contention of the State that although the appellant cannot be held for violation of section 2131, nevertheless, he can be held under section 2133 which the State urges is a constituent offense. We need not reach the question whether under proper indictment and under facts different from those which are reflected in this cause that section 2133 can be construed in accordance with Mississippi Code *436 1942 Annotated section 2523 (1956) to be a constituent offense under an indictment properly drawn under section 2131. The difficulty which the State faces in the case at bar . is that the indictment under section 2131 charged a specific offense involving a particular prisoner charged with a felony. If Spivey had been in the jail at the time the prisoner was arrested, proof might have been sufficient to justify the appellant’s conviction under section 2131. If an indictment under 2131 charges that a defendant conveyed into the county jail arms offered in evidence for the escape of any prisoner lawfully confined, even though there was no prisoner in the jail committed for a felony at the time of the conveyance of the arms, nevertheless under section 2133 we feel that a jury might be justified in finding the defendant guilty in violation of section 2133.
Section 2532 of the Mississippi Code of 1942 Annotated (1956) provides the method for correcting a variance between a name as set forth in an indictment and the proof thereof — where the variance is not material to the merits of the case and the defendant cannot be prejudiced thereby. Under section 2532 the judge must order the indictment and record and proceedings amended according to the proof. The instruction given by the judge in the case at bar does not meet the requirement for amendments set forth in section 2532. We need not reach the question of the materiality of the name under sections 2131 and 2133 or the availability of amendment since no attempt was made to amend within the provisions of section 2532.
Another reason why this conviction cannot be sustained is that the record discloses that there was a commingling of the facts involving the conveyance of a .25 calibre automatic pistol into the jail on March 9, 1967, when Spivey was confined therein and a conveyance of weapons into the jail by Vickers on March 15, 1967, when he was arrested five days after Spivey had been released from the jail. The appellant was indicted supposedly for the conveyance of a .25 calibre pistol, gas gun, pellets and knife which were found on his person subsequent to the time of Spivey’s release. The State seems to have obtained a conviction of the appellant on the arms found upon the appellant when he was arrested after Spivey’s release and when it was impossible for him to convey into the county jail the arms unto Spivey, who was charged with a felony, and on the discovery of a .25 calibre pistol in the jail while Spivey was a prisoner. The mingling of the facts of these two instances was highly confusing and prejudicial to the appellant’s case.
For the foregoing reasons this cause is reversed and remanded, and in compliance with Section 2433 of the Mississippi Code of 1942 Annotated (1956) appellant is ordered and placed into the custody of the Sheriff of Hinds County to await such action as the Grand Jury may take.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, PATTERSON and SMITH, JJ., concur.