349 So.2d 1063 (1977)
Leroy PRYOR
v.
STATE of Mississippi.
No. 50221.
Supreme Court of Mississippi.
September 21, 1977.
*1064 Liston, Crull & Gibson, Winona, Franklin J. George, Grenada, for appellant.
A.F. Summer, Atty. Gen., by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
Appellant, Leroy Pryor, was convicted in the Circuit Court of Grenada County, Mississippi, on charges of aiding the attempted escape of a person confined for a felony offense in violation of Mississippi Code Annotated section 97-9-29 (1972). On appeal, Pryor contends the state failed to establish all the elements of the crime charged and that the verdict was against the overwhelming weight of the evidence.
In Vickers v. State, 215 So.2d 432 (Miss. 1958), this Court held that an element of the offense which must be proven is that the prisoner alleged to have been aided was, in fact, confined due to a felony charge. It is proof of this element of the crime which Pryor challenges.
Specifically, it is alleged that the evidence was insufficient to show that the prisoner, Willie White, Jr., was confined on a felony charge, and in the alternative, if the evidence was legally sufficient, it was erroneously admitted.
The issues presented on appeal are:
(1) Is oral testimony that an affidavit was sworn out charging a person (Willie White, Jr.) with burglary of a dwelling, that White was bound over to await grand jury action on that charge, and that White was present in jail at the time of the attempted escape, sufficient evidence from which a jury could reasonably conclude that Willie White, Jr. was confined for a felony within the meaning of Mississippi Code Annotated section 37-9-29 (1972)?
(2) Was it error to allow two witnesses to testify whose names were omitted from the list of state witnesses furnished to the defendant on order of the court?
At trial, the state failed to produce documentary evidence conclusively that the prisoner, Willie White, Jr. was confined because of a felony charge on the date in question. There was, however, oral testimony to that effect.
The court clerk of the City of Grenada Police Court testified that an affidavit was sworn out before him charging Willie White, Jr. with burglary of a dwelling. He further testified that court records showed White was placed in the Grenada City jail the same day, and that five days later he was present at a hearing in City Court where White was bound over to await Grand Jury action on the same charge.
The Police Court justice of Grenada testified that White appeared before him on burglary charges and that he bound White over to await Grand Jury action. He also testified that the usual custom and practice is that upon being bound over, the person is transported on that same day to the Grenada County jail.
Willie White, Jr., himself, as well as others, testified that he was present in the Grenada County jail on the date of the attempted escape.
It is well established in Mississippi that a jury, as the finder of fact, is entitled to consider not only facts as testified to by witnesses, but all inferences that may be reasonably and logically deduced from the facts in evidence. Cameron v. Hootsell, 229 Miss. 80, 90 So.2d 195 (1956).
Here, the evidence shows an affidavit was sworn out charging Willie White, Jr. with a felony offense, he was bound over to the Grand Jury on that charge, and he was present in the Grenada County jail when the attempted escape occurred.
*1065 Based on the preceding facts, the jury could reasonably conclude that White was confined in the Grenada County jail on a felony charge on the date in question.
Prior to trial the defendant requested and received an order for the production of evidence which, among other things, required production of "the names and addresses of all witnesses expected to be called to testify in the cause by the State of Mississippi." The names were to be furnished before 5:00 p.m., February 1, 1977. The state furnished a list of witnesses, but the names of the justice and court clerk of the Grenada Police court were omitted.
At trial on February 4, 1977, the state attempted to put on these two witnesses. Each time the defense objected to the testimony because they were not on the list provided by the state. It should be noted that at no time did the defendant object because of the best evidence rule or other grounds. Thus, the question on appeal is limited to whether there was error in admissibility due to omission of the names from the list of witnesses. Miss. Cent. R. Co. v. Robinson, 106 Miss. 896, 64 So. 838 (1914).
As pointed out recently, Mississippi, unlike some other states, has no statute requiring the state to furnish names of its witnesses to a defendant. Tapp v. State, 347 So.2d 974 (Miss. 1977). A trial judge may, however, require such a list when in his discretion he determines it would aid the ends of justice.
In Varnado v. State, 338 So.2d 1239 (Miss. 1976), a witness was allowed to testify even though the name of the witness had been omitted from the list furnished by the state on order of the court, since under the circumstances it was found not to be prejudicial. There, the state substituted a pathologist for the doctor who had been on the witness list and promptly notified the defendant, who had opportunity to interview the witness before trial. In analogous situations, this Court has announced the standards to be applied when there is an omission to produce under court order to do so. Armstrong v. State, 214 So.2d 589 (Miss. 1968) held that a defendant should be able to examine tangible evidence which may be used against him. Yet, it has been held that failure to produce tangible evidence is not per se grounds for reversal. Instead, the court has inquired into whether or not admission of the evidence would be [unduly] harmful or prejudicial to the defendant. Grady v. State, 274 So.2d 141, 142 (Miss. 1973); Hannah v. State, 336 So.2d 1317, 1322 (Miss. 1976).
In its inquiry, the Court has examined the record to determine, among other things:
(1) Whether the state had the evidence when the request was made.
(2) How long before trial the state acquired the evidence.
(3) Whether or not the defendant asked for a continuance upon the introduction of evidence.
(4) Whether or not the introduction of the evidence was harmful and prejudicial to the defendant in the light of all the circumstances.
In states where witness' lists are required by statute, the effect of omissions is vested in the discretion of the trial judge. The only limitation is that the judge must actually inquire into the circumstance surrounding the non-compliance. Hardison v. State, 341 So.2d 270 (Fla.Ct.App., 1977).
In the present case, such an inquiry occurred. During the trial when objections were made, the trial judge conducted hearings in chambers. By analogy to the cases on tangible evidence, there was inquiry into the purpose of the witnesses' testimony, when the witness had been contacted by the state, the effect on defendant's case and other circumstances regarding the omission.
The trial judge determined the testimony of each witness was for the limited purpose of establishing that the escapee was confined on a felony charge; that neither witness had been asked to testify until the evening before the trial, nor had either discussed the substance of their testimony *1066 with the state attorneys; and, that the subject matter of the witnesses' testimony was a matter of public record, readily available to defendant. Furthermore, no motion was made by appellant for a continuance and we doubt that one would have been justified under these circumstances.
We, therefore, hold it was not reversible error to allow the testimony of the witnesses, even though their names were omitted from the required list, since the trial judge made proper inquiry into the facts and circumstances and concluded there was no undue harm and prejudice, nor was there shown any bad faith on the part of the state.
For the above stated reasons, the conviction and sentence of two years in the penitentiary are affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.