367 So.2d 1366 (1979)
Lloyd HENDERSON
v.
STATE of Mississippi.
No. 51013.
Supreme Court of Mississippi.
February 28, 1979.
Cain, Cain & Ritchey, Bentley E. Conner, Canton, for appellant.
A.F. Summer, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., WALKER and LEE, JJ.
WALKER, Justice, for the Court:
A jury in the Circuit Court of Madison County found Henderson guilty of the sale of heroin. He was sentenced to thirty years in the State penitentiary with the last ten years suspended dependent on good behavior. On appeal, Henderson argues four assignments of error:

I.
The first assignment of error that the state failed to furnish the names of confidential informers is without merit. The record shows the defendant knew the names and even requested instructions with the names of the informers included.

II.
The defendant argues that admission of tangible evidence which was the subject of an order to produce but not produced prior to trial is reversible error. Prior to trial defendant requested and the court ordered the state to make available all tangible evidence that was to be used in the trial. Two weeks prior to trial, the district attorney told the defendant's attorney that all the heroin had been consumed in the analysis at the State Crime Lab and *1367 that the blue balloon in which it was contained was also at the State Crime Lab. At trial, the balloon was admitted into evidence over the objection of the defendant.
The state, while conceding the balloon was tangible evidence subject to the discovery order, argues that since defendant had been informed of its existence and location, defendant should have gone to the crime lab and obtained it. In other words, the argument is that the state had satisfied its obligation by telling the defendant of the existence and location of tangible evidence, and that the burden then shifted to the defendant to actually obtain it.
We have carefully considered this argument and must reject it. We now hold that it is the duty of the state, through the prosecuting attorney, to obtain tangible evidence which the state intends to introduce at trial from whatever state agency may have the evidence and to make that evidence available for inspection by defense counsel in the location where venue[1] for trial is proper, or a mutually agreed upon location. Such a rule is necessary since the state is better equipped to retrieve such evidence and/or cooperation from other state agencies than is defense counsel.
We, therefore, hold that failure to produce the balloon before the trial was error. The question remains, however, as to whether its introduction into evidence, under the circumstances, was reversible error. Armstrong v. State, 214 So.2d 589 (Miss. 1968) held that a defendant should be able to examine tangible evidence, and here the state was under court order to produce. However, we have held that failure to produce is not per se grounds for reversal. Instead, this Court has inquired into whether or not admission of the evidence was unduly harmful or prejudicial to the defendant. Hannah v. State, 336 So.2d 1317 (Miss. 1976); Grady v. State, 274 So.2d 141 (Miss. 1973). See also Pryor v. State, 349 So.2d 1063 (Miss. 1977) [Failure to produce witnesses' names].
In Pryor, supra, we held, among other things, the Court would determine whether defendant moved for a continuance when the evidence was sought to be introduced and whether or not the introduction was prejudicial in the light of all the circumstances. We note that defendant did not move for a continuance so as to have time to inspect the balloon, and in our opinion a continuance or short recess of trial would have cured any prejudice which might have occurred. Moreover, the appellant did not demonstrate on motion for a new trial, nor has he demonstrated on appeal, how he was prejudiced by not having access to the balloon.
We are, therefore, of the opinion that the state's failure to produce the balloon for inspection by defendant in this case was harmless error.

III.
The defendant argues that the court erred in not granting his instruction that the state's failure to call the two confidential informers as witnesses created a presumption that their testimony would have been adverse to the state.
We have held under narrowly defined circumstances that if a party fails to call an available witness, who is presumed to be friendly, and who knows exculpatory facts, that this raises a presumption that their testimony would be adverse to the party failing to call them. Bunckley v. Jones, 79 Miss. 1, 29 So. 1000 (1901); Fuller v. Sloan, 230 So.2d 574 (Miss. 1970). However, those cases in which the presumption was applied were civil rather than criminal cases. Neither appellant nor appellee cites us to a criminal case in which this Court approved an instruction on such a presumption. It is true that some states do allow an instruction of this kind in criminal cases. 22A C.J.S. Criminal Law § 594, p. 370 (1961).
In a recent well-considered opinion, the Supreme Court of South Carolina, confronted with a situation similar to the one now before us, pointed out that while it may be *1368 proper for an attorney in closing argument to point out a party's failure to call a witness, "such a charge has no proper place in the judge's statement of the law." State v. Hammond, 242 S.E.2d 411, 416 (S.C. 1978). See also United States v. Peterson, 424 F.2d 1357, 1363 (7th Cir.1970). We agree.
While we have allowed counsel in criminal cases to comment during closing argument on a party's failure to call a material witness, under certain circumstances,[2] and thereby allowed the jury to infer that the witness' testimony would have been adverse to the other party, we have not raised such inference to the level of a presumption subject to an instruction by the trial judge. To do so would place too much emphasis on such permissible inference and tend to cause juries to decide cases on the lack of testimony rather than direct testimony. We therefore hold that an instruction on either party's failure to call a witness in criminal cases should not be given.
We have considered the remaining assignment of error and consider it to be without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] There will naturally be cases involving tangible evidence of such nature that the court may, in its discretion upon proper motion, provide for its pretrial inspection at some location other than the county where trial is to be held.
[2] See Brown v. State, 200 Miss. 881, 27 So.2d 838 (1946) and Phillips v. State, 183 So.2d 908 (Miss. 1966).