427 So.2d 127 (1983)
Richard SPOTS
v.
STATE of Mississippi.
No. 54087.
Supreme Court of Mississippi.
February 16, 1983.
Rehearing Denied March 16, 1983.
*128 Prewitt & Courteau, Mark W. Prewitt, Vicksburg, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
The appellant, Richard Spots, was convicted of robbery and sentenced to a term of fifteen years by the Circuit Court of Warren County. His appeal is based solely on the trial court's admission into evidence of certain tangible evidence and testimony from two witnesses. Neither the tangible evidence nor the identity of the two witnesses were disclosed pursuant to a discovery request prior to trial. We affirm the conviction.
On August 11, 1981, an individual who was later identified as one Richard Spots robbed the First National Bank in Vicksburg, Mississippi. During the robbery, Spots was wearing dark sunglasses and a pull-over hat, but several witnesses were still able to identify him as the perpetrator of the crime.
Spots collected $6,391.00, including "bait money" by presenting a note to teller Jannie Terrell. The note read: "Your money or your life." The serial numbers from the bait money were recorded.
When Spots left the bank he ran to a white Toyota which was driven by another individual named Thomas Ward. A bank customer drove up to the bank as Spots was leaving and furnished a description of this car to police. The same automobile was stopped within minutes by law enforcement personnel.
When the officers searched the car, they found the cash, including the bait money, the note, and the paper sack that Spots used to carry the money in. Spots' fingerprints were also found on several pieces of the evidence.

I.
The assignments of error all relate to non-disclosure of names of witnesses and the evidence to be offered at trial. The defense attorney filed for and secured a court order for these matters on the Friday prior to a Monday trial date.
The appellant first contends that two prosecution witnesses should not have been allowed to testify because their identity was not disclosed prior to trial. Rule 4.06 of the Mississippi Criminal Rules of Circuit Court Practice (Aug. 10, 1979)[1] specifically provides that "The prosecution shall disclose to each defendant ... names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial ..." Further, where the prosecution has failed to comply with this discovery rule, Rule 4.06 permits the court to order the prosecution "to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances."
In addressing this question the Court has held that the failure to produce discovery material is not a per se ground for reversal. Pryor v. State, 349 So.2d 1063 (Miss. 1977). In Pryor, this Court listed four factors *129 which should be considered before reversal of a trial court's decision.
(1) Whether the state had the evidence when the request was made.
(2) How long before trial the state acquired the evidence.
(3) Whether or not the defendant asked for a continuance upon the introduction of evidence.
(4) Whether or not the introduction of the evidence was harmful and prejudicial to the defendant in the light of all the circumstances. [Id. at 1065].
In cases which have been decided since the adoption of Rule 4.06, our Court has continued to rely on the above four factors. See e.g., Turner v. State, 415 So.2d 689 (Miss. 1982) (counsel only made a motion for mistrial; no motion for a recess was made by counsel to allow him time to examine the evidence); Gallion v. State, 396 So.2d 621 (Miss. 1981) (court called a recess and gave counsel for defendant an opportunity to interview witnesses before they testified; counsel failed to show how he was prejudiced by discovery violation); Lee v. State, 383 So.2d 821 (Miss. 1980) (district attorney's office was not notified of evidence until shortly before trial; there was also no showing of prejudice). Thus, the facts of the instant case should be analyzed in terms of the Pryor test.
The first witness to whom the defendant objected was Lewis Younger, Jr., who was offered to identify the defendant's fingerprints and to link the chain of evidence. Identity of this witness's name was made about an hour before his being called. Defense counsel talked with him and was aware of what his testimony would be. When defense counsel objected to his testimony on the basis of the non-disclosure order, the trial judge offered the defense counsel more time to talk with the proposed witness. Defense counsel did not ask for a continuance and denied the offer to interview made by the court. Having declined the offer, the defense counsel cannot now claim error. In addition there was clearly no prejudice to the defendant by the late identification of this witness.
The second witness whom defense counsel alleges should not have been allowed to testify was Ron Smith, a fingerprint examiner. However, defense counsel failed to object contemporaneously when Smith was offered as a witness or ask for a recess or a continuance. His failure to object bars consideration on appeal of this alleged error.

II.
The appellant's second contention is that the lower court erred in admitting certain tangible evidence which was not disclosed prior to trial. Among those items objected to by defense counsel were: (1) pictures of the vehicle in which appellant left the scene of the crime, (2) a consent to search form, and (3) fingerprints. These items were discoverable under Rule 4.06 upon a showing of materiality. However, the prosecution's failure to produce must be considered in light of the Pryor test.
In this case the state tried to cure the untimely disclosure by offering to show the proposed exhibits to defense counsel on the morning of the trial. Defense counsel, however, declined to view them at that hour. Then, when the photographs were offered into evidence by the state, defense counsel objected and moved for a mistrial.
The trial judge concluded that a recess should be permitted, and he ordered the prosecution to permit defense counsel an opportunity to review the photographs and any other tangible evidence held by the prosecution. On return to the courtroom, defense counsel announced that he was "ready" to the court.
Objections were later made at the introduction of the consent to search form, and during attempts to introduce the fingerprints. These objections came after the trial court had already provided counsel the opportunity to view such evidence during the recess.
In reviewing the trial record, it is apparent that the trial judge made a substantial effort to provide defense counsel time to study the prosecution's photographs and *130 other evidence, and to interview witnesses. Moreover, defense counsel failed to demonstrate both at trial and in his brief how he was prejudiced to an extent that would require reversal. Finally, we can hardly overlook the fact that defense counsel caused this problem by waiting until the Friday preceding the Monday trial date to obtain a discovery order. We, therefore, rule that the appellant's contention is without merit.
The appellant received a fair, although imperfect, trial, and the trial court decision should not be reversed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE and ROBERTSON, JJ., concur.
HAWKINS, BOWLING and DAN M. LEE, JJ., dissent.
HAWKINS, Justice, dissenting:
I respectfully dissent.
In both civil and criminal cases we have positive, unequivocal rules for discovery.
In three civil cases we have reversed and remanded a case for a new trial because of the failure of a party to comply with a discovery rule. Square D Company v. Edwards, 419 So.2d 1327 (Miss. 1982); Huff v. Polk, 408 So.2d 1368 (Miss. 1982); and Clark v. Mississippi Power Company, 372 So.2d 1077 (Miss. 1979). We recognized in these three cases that a rule is worthless unless it is enforced.
Yet  as revealed by the majority opinion  in criminal cases we search for excuses not to enforce a discovery rule. There is no justification for creating an entirely different standard of enforcement between discovery rules in criminal and civil cases.
I would reverse.
BOWLING and DAN M. LEE, JJ., join this dissent.
NOTES
[1] The Criminal Rules of Circuit Court Practice were recently amended and approved on October 26, 1982.