484 So.2d 1012 (1986)
John Keith HENRY
v.
STATE of Mississippi.
No. 54966.
Supreme Court of Mississippi.
February 26, 1986.
Robert M. Logan, Jr., Gerald, Brand, Watters, Cox & Hemleben, Newton, Merrida Coxwell, Jr., Stanfield, Carmody & Coxwell, Jackson, for appellant.
Bill Allain, Atty. Gen. by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ANDERSON, JJ.
DAN M. LEE, Justice, for the Court:
This appeal is taken from the Circuit Court of Newton County, Mississippi, in which John Keith Henry was tried and convicted of false pretenses. Mr. Henry was sentenced to three years in the custody of the Mississippi Department of Corrections, fined $40,000 and ordered to pay $8,000 in restitution.
Henry appeals and assigns eight errors. As we must reverse on assignment of error No. 3, we find it unnecessary to treat each individual assignment of error. Assignment of error No. 3 is:
The trial court erred in allowing the State to admit evidence in violation of Uniform Criminal Circuit Court Rule 4.06.
In the fall of 1980, Curtis Gordon was approached by a Meridian businessman about buying a stolen backhoe. Gordon claimed that he and John Keith Henry discussed the matter, that they went together to Meridian to examine the backhoe, and that subsequently he purchased the backhoe on the direction of Henry. (The business relationship between Gordon and Henry was much disputed, as was Henry's relationship to the business, G & H Equipment, *1013 Inc., of which Gordon was then president.) The $8,000 purchase price was raised by holding $7,000 out of a G & H deposit to which Henry added $1,000 from his own pocket. The backhoe was delivered first to G & H Equipment and then transferred to Henry's farm, where it remained for three or four months. During that time, the equipment in question was hired out on various jobs. Bills for the use of the backhoe were sent on Curtis Gordon's billhead; customers made their arrangements with Gordon.
Eventually, in November, 1981, the stolen backhoe was sold by G & H Equipment, Inc. to the Town of Union, Mississippi, for $16,000. A treasury warrant for $16,000 made payable to G & H Equipment, Inc. was delivered to John Keith Henry and was endorsed "G & H Equipment, Inc." and "J.K., Henry." After the backhoe was discovered to have been stolen, charges of false pretenses were filed against Gordon and Henry. Tried and convicted as codefendants in another proceeding which was reversed by this Court in Gordon v. State, 458 So.2d 739 (Miss. 1984), the two were also codefendants in this case until Gordon entered a guilty plea and severance was granted.
During trial, the trial judge overruled defense objections to evidence being presented in violation of Rule 4.06. The first situation arose when the state offered as evidence a bill of sale indicating the true ownership of the backhoe.
Rule 4.06 states, in part, that:
[T]he prosecution shall disclose to each defendant or to his attorney ... upon request and without further order ... any physical evidence ... to be offered in evidence... . If, subsequent to compliance with these rules or orders pursuant thereto, a party discovers additional material ... which is subject to disclosure, he shall promptly notify the other party of his counsel.
.....
Henry objected to the admission of the bill of sale on the grounds that the document had been requested on discovery in August, 1982, some eight months prior to trial. Counsel for the state then stated for the record that he had been involved in the case only six weeks; the trial judge indicated that any motion filed in August of 1982, would have been heard by his predecessor. However, the judge went on to state that additional discovery had been requested "Monday a week ago" (March 28, 1983) and that he had "followed the mandates of the rules with regard to the production of those documents which it (sic) required." The "order on motion for discovery of defendant, John Keith Henry," dated the 28th day of March, 1983, and signed by the judge states that "Item Number Five to the Motion is denied except for such documents in the actual possession of the state." (Emphasis added). Item No. 5 in the motion requests production of "[a]ll documents designating ownership of the Case 580C Backhoe Loader Tractor from the alleged true owner thereof." It is apparent, therefore, that either by operation of Rule 4.06 or by order of the then presiding trial judge the state should have produced the bill of sale at some time prior to trial, i.e., when the documents came into the state's possession.
Upon objection to the admission of the bill of sale, the trial judge remarked: "[P]erhaps [the objecting attorney is] right, technically speaking; but I don't  I find that its not that significant. So, I'm going to let it be marked." This comment requires some examination. In Spots v. State, 427 So.2d 127 (Miss. 1983), citing Pryor v. State, 349 So.2d 1063 (Miss. 1977), this Court listed four factors which, at that time, were to be considered before reversal of a trial court's decision based on failure to produce discovery material. The fourth factor listed was "Whether ... the introduction of the evidence was harmful and prejudicial to the defendant in the light of all the circumstances." 427 So.2d at 129. This rule has been effectively superseded by subsequent cases. The Court in Morris v. State, 436 So.2d 1381 (Miss. 1983) specifically based its reversal of conviction on the fact that the state failed to produce required *1014 discovery material, "not because [the defendant] was prejudiced." Id. at 1385. This rule was reiterated in Ford v. State, 444 So.2d 841 (Miss. 1984) where it was emphasized that "The dictates of Morris must be followed." Id. at 843. The point was again made clear in Barnes v. State, 471 So.2d 1218 (Miss. 1985). "[W]e do not engage in nice calculations regarding the amount of resulting prejudice." Id. at 1221, citing Ford, supra, and Morris, supra. Rather, the court said, "We inquire whether the rule has been violated." Barnes, 427 So.2d at 1221, citing Box v. State, 437 So.2d 19, 21 (Miss. 1983). "A rule which is not enforced is no rule." Id.
Our holding here should not be misinterpreted as indicating that failure to make pretrial disclosure requires per se reversal. We have recognized that non-discovered evidence may be admitted at trial if the party against whom that evidence is offered is given a reasonable opportunity to make adequate accommodation. See, Foster v. State, 484 So.2d 1009 (Miss. 1986); Jones v. State, 481 So.2d 798 (Miss. 1985); Davis v. State, 472 So.2d 428 (Miss. 1985); Cabello v. State, 471 So.2d 332 (Miss. 1985). See also, Box v. State, 437 So.2d 19, 23-24 (Miss. 1983) (Robertson, J., specially concurring). Such an opportunity was not afforded the appellant in the instant case.
Applying the unequivocal language of Rule 4.06 to the facts in this case, and in light of the trial court's order of March 28, 1983, we hold that the bill of sale was discoverable. Indeed without this bill of sale the state's proof as to the backhoe being stolen might well have failed. J.K. Henry and his attorneys should have been given access to that document prior to trial. This was error which, unfortunately, mandates reversal.
Because the question raised in assignment of error No. 2 may likely arise in the event of another trial, we feel it necessary to comment thereon. Assignment of error No. 2 is as follows:
The trial court erred in refusing to allow Marie Hill to testify before the jury as a handwriting expert.
At trial, the defense attempted to offer the testimony of Marie Hill as an expert witness on handwriting. After a thorough voir dire on her qualifications, the trial court determined that it would not accept Hill as an expert. On proffer of testimony, Hill stated that there was a forged endorsement on the Town of Union treasury warrant issued as payment for the stolen backhoe. Hill said that the endorsement "J.K. Henry" had been written by Curtis Gordon. The state's expert, Frank Hicks, had previously testified that the signature was J.K. Henry's. Had Hill's testimony been allowed before the jury, it would have mitigated evidence indicating that Henry received a benefit from the sale of the backhoe as well as seriously contradict the testimony of the state's star witness, Curtis Gordon.
In Mississippi, lay witnesses who were previously familiar with the handwriting of a person have been allowed to testify as to the authenticity of a particular sample of writing alleged to have been prepared by the same person. Wiggins v. State, 224 Miss. 414, 80 So.2d 17 (1955). However, the rules and policy regarding lay witnesses and expert witnesses are not the same. As Professor McCormick has said, "The [expert] witness must have such skill, knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth... . The [qualification of experts] has not for the most part cyrstalized in specific rules, but is recognized as a matter for the trial judge's discretion reviewable only for abuse." McCormick, Law of Evidence, 30 (2d ed. 1972). This rule has been echoed in Mississippi jurisprudence. In the recent case of Hollingsworth v. Bovaird Supply Co., 465 So.2d 311 (Miss. 1985), this Court said:
The trial judge is called upon to exercise his sound discretion in determining whether the witness is legitimately qualified as an expert in the applicable fields of scientific knowledge. Id. at 314-315. See also, Pharr v. Anderson, 436 So.2d 1357 (Miss. 1983); Illinois Central R.R. *1015 v. Benoit Gin Co., 248 So.2d 426 (Miss. 1971); Gulf, Mobile and Ohio R.R. v. Hollingshead, 236 So.2d 393 (Miss. 1970); and Capital Transport Co. v. Segrest, 254 Miss. 168, 181 So.2d 111 (1965).
It was established at trial that Mrs. Hill had considerable training and 15 years of experience in the examination of questioned documents. She has testified as a handwriting expert in forty or fifty state and federal courts throughout Mississippi and has never been denied as a witness previously. See, for example, Culbreath v. Johnson, 427 So.2d 705 (Miss. 1983). Moreover, hers was the only testimony available to challenge that of the state's expert, Frank Hicks, on a crucial point of this case. Her testimony would have directly impeached the testimony of Curtis Gordon by rebutting his statements regarding an essential element of the crime, i.e., that J.K. Henry received a benefit from the money paid by the Town of Union for the backhoe.
Although Marie Hill was subjected to a thorough cross-examination by the state, an attack on her qualifications and methods would have been better directed toward the weight of her testimony rather than its admissibility. See People v. Bullock, 166 Cal. App.2d 494, 333 P.2d 88, (1958); Parish v. State, 145 Tex.Crim. 117, 165 S.W.2d 748 (1942); 23 C.J.S. Criminal Law [863] (1961). A jury is fully capable of deciding which of two experts is more credible.
In the instant case, we find that the trial court abused its discretion by refusing to allow Hill to testify as an expert witness. It is not necessary that one offering to testify as an expert be infallable or possess the highest degree of skill; it is sufficient if that person possess peculiar knowledge or information regarding the relevant subject matter which is not likely to be possessed by laymen. Glen Falls Ins. Co. v. Linwood Elevator, 241 Miss. 400, 130 So.2d 602 (1961); Wallace v. State, 203 Miss. 504, 35 So.2d 703 (1948); Floyd v. State, 166 Miss. 15, 148 So. 226 (1933).
For failing to discover the bill of sale of the backhoe to appellant, this case should be and is hereby reversed and remanded.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ROY NOBLE LEE, P.J., not participating.