WALKER, Chief Justice,
for the Court:
Kathy Hecklar was convicted, in the Circuit Court of Hinds County, of uttering a forgery. She was sentenced to serve a term of ten (10) years, with five (5) years suspended, and to make restitution of $400.00 to the Highland Village Merchants’ Association. She appeals, assigning as error, inter alia, the trial court’s refusal to allow Marie Hill to testify as a handwriting expert. Because the trial court erred in excluding this testimony, we reverse and remand.
Hecklar, who was employed as the marketing director for the Highland Village Merchants’ Association (Association), had the authority to make expenditures provid *270 ed for in the Association’s budget. Before writing any check on the Association’s bank account, Hecklar was required to obtain the approval of Guy L. Boyll, II, the Association’s executive director. Once approved by Boyll, the check would be signed by both Hecklar and Boyll.
The instant controversy concerns a check which Boyll learned of when he was attempting to reconcile the Association’s checkbook while Hecklar was absent because of illness. The check stub indicated that the check had been made out to United Wholesale Florist for $400.00. The check itself, however, was not located in the office. When Boyll obtained a copy of it from the bank, he discovered that it had been made payable to Kathy Hecklar, for reimbursement for a sound system.
Hecklar testified that she had used her own personal funds to purchase a sound system for Highland Village to be used in a Christmas program. She claimed that she had used her own funds because the Association’s account was overdrawn, and she further claimed that Boyll had approved the expenditure. According to Hecklar, she made out the check to herself for reimbursement, and Boyll signed the check. She also claimed that at the time her employment was terminated, the system was located at one of the stores in Highland Village. She explained the discrepancy between the payee listed on the cheek stub and that on the check as error caused by the busy Christmas season.
Boyll denied having any conversation with Hecklar about the sound system. He stated that Highland Village already had a system in place, which could have been used for the program. He further claimed that the sound system allegedly purchased by Hecklar was not at Highland Village. Boyll also denied signing the check in question.
The State and the defense each offered an expert witness. Thomas L. Packer, a documents examiner with the Jackson Police Department, testified for the State as an expert. After examining the check in question, he stated that he could not exclude either Boyll or Hecklar as its author. He did state, however, that, “the signature [had] so many dissimilarities to Mr. Boyll’s known handwriting that [he could not] conceive of a situation in which [Boyll] would execute a signature in that fashion.”
Although the defense sought to call Marie Hill as a handwriting expert, the trial court refused to allow her to testify as an expert, but offered to allow her to testify as a skilled layman. Rather than present her testimony in that fashion, the defense made a proffer of what her expert testimony would have been: that, in her opinion, Boyll signed the check.
This case is controlled by Hooten v. State, 492 So.2d 948 (Miss.1986), and Henry v. State, 484 So.2d 1012 (Miss.1986), in each of which we held to be error the trial court’s refusal to allow this very witness, Marie Hill, to testify as a handwriting expert. In Henry we noted that Hill had “considerable training and fifteen (15) years of experience in the examination of questioned documents.” 484 So.2d at 1015. Because she had “such skill, knowledge or experience in [her] field ... as to make it appear that [her] opinion or inference [would] probably aid the trier in his search for truth,” 484 So.2d at 1014, we held that she should have been allowed to testify as an expert. See also Miss.R.Evid. 702 (effective 1986) (expert may be qualified by knowledge, skill, experience, training or education).
We next consider whether the impact of this error was lessened by the trial court’s offer to allow Hill to testify as a skilled layman, and we hold that it was not. Because Hill was not previously familiar with Boyll’s handwriting, her testimony as a lay witness would have been restricted. Henry, 484 So.2d at 1014. Moreover, the characterization of this witness as a “skilled layman” may have detracted from the weight and credibility which the jury would have accorded her testimony as compared with the testimony of the State’s expert. The emphasis placed on Packer’s *271 status as an expert is illustrated by these excerpts from the record:
Q. And in your opinion os an expert, having been so recognized by the Mississippi Supreme Court, what is your opinion as to whether or not the defendant Kathy Hecklar wrote the writing on the face of that check?
[[Image here]]
Q. And what was your conclusion as an accepted expert all over this state as to whether or not the defendant wrote the material on that check stub?
[[Image here]]
Q. In your opinion as an expert, did Mr. Guy Boyll write “Guy Boyll” on that check?
[[Image here]]
Q. In your opinion as an expert, who wrote every other thing on that check?
Since Hill did not testify at all, Hecklar had no witness to rebut the expert testimony presented by the State. The resulting prejudice renders this error reversible. The conviction and sentence are reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., dissents.