KING, C.J.,
for the Court.
¶ 1. Bertram McManis was convicted by a jury in the Circuit Court of DeSoto County of two counts of aggravated assault. Aggrieved by his conviction, he has appealed and asserts the following issues, which we quote verbatim.
I. That the Court erred in granting the State’s instructions no. SI and no. S2
II. That the Court erred in failing to grant the motion for directed verdict and motion for JNOV.
¶ 2. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 3. On the morning of September 1, 2002, John McManis, and his brother-in-law, Bobby Marshall, were preparing to eat breakfast at the McManis home in Olive Branch. Bertram McManis, who lived in the home with his father, entered the kitchen. Marshall reprimanded Bertram for wearing his pants so low and told him to pull them up. According to Mr. McManis, Bertram attempted to fix himself some chili but spilled it all over the stove. He then became hyper and fidgety. Mr. McManis informed Bertram that he would have to clean up the spill. Bertram then went, to his room and returned to the kitchen with a knife in his hand and jumped on top of the freezer. When Mr. McManis asked about the knife, Bertram jumped off the freezer and hit him on the side of the head and then struck Marshall in the neck. An ambulance was called by another occupant of the house, and both men were taken to the hospital. As Bertram fled' the scene a neighbor, Latasha Pegues, saw him walk through her backyard and drop an object by her daughter’s swing set. When the police officer arrived to investigate, Pegues directed him to the swing set where a knife was found.
¶ 4. On December 5, 2002, Bertram was indicted for two,counts of aggravated assault under Mississippi Code Annotated Section 97 — 3—7(2)(b), and as a habitual offender, under Mississippi Code Annotated Section 99-19-81. Trial began on April 9, 2003, and Mr. McManis testified he was not sure whether he had been cut or whether he had been hit with Bertram’s hand. Marshall was unavailable to testify at trial, and Mr. McManis indicated that he did not see if Bertram cut Marshall or if he hit him. Mr. McManis was bleeding from the head wound, and Marshall was bleeding profusely from the neck wound. Bertram testified on his own behalf, primarily through a statement that he read, and indicated that he had no memory of what happened that day. He testified that he was awakened on September 1, 2002, with his father, John, yelling at him to get out of his house, and that he was going to call the police. Bertram claims that he then noticed blood smeared all over his *650 pants and had no idea how it had gotten there.
¶ 5. On April 9, 2003, Bertram was found guilty of two counts of aggravated assault. On April 11, 2003, Bertram was sentenced as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-81, and was sentenced to twenty years on each count in the custody of the Mississippi Department of Corrections, with the sentences to run concurrently.
ISSUES AND ANALYSIS
I.
That the Court erred in granting the State’s instructions no.
SI and no. S2.
¶ 6. Bertram argues that the State’s instructions SI and S2 were erroneously granted because the evidence was insufficient to prove that a deadly weapon was used to inflict injury upon John McManis and Bobby Marshall. Bertram argues that granting the State’s instructions on aggravated assault was reversible error.
¶ 7. “Our standard of reviewing a judge’s decision concerning jury instructions is as follows: In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole.” Conners v. State, 822 So.2d 290, 292(¶ 5) (Miss.Ct.App.2001). “When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Id.
¶ 8. Instructions SI and S2 that were given read as follows:
SI: In Count 1, the Defendant, Bertram McManis, is charged with the crime of Aggravated Assault. If the jury finds from the evidence in this case, beyond a reasonable doubt, that:
1.) On or about September 1, 2002, Bertram McManis did purposely or knowingly cause bodily injury to John McManis with a deadly weapon to-wit: a knife;
2.) By cutting John McManis on the head with said knife, then the jury shall find Bertram McManis guilty as charged in Count 1.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then the Jury shall find the Defendant not guilty in Count 1. S2: In Count 2, the Defendant, Bertram McManis, is charged with the crime of Aggravated Assault. If the jury finds from the evidence in this case, beyond a reasonable doubt, that:
1.) On or about September 1, 2002, Bertram McManis did purposely or knowingly cause bodily injury to Bobby Marshall with a deadly weapon to-wit: a knife;
2.) By stabbing Bobby Marshall in the neck with said knife, then the jury shall find Bertram McManis guilty as charged in Count 2.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then the Jury shall find the Defendant not guilty in Count 2.
Bertram was indicted pursuant to Mississippi Code Annotated Section 97-3-7(2)(b), which reads as follows:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than *651 one (1) year or in the penitentiary for not more than twenty (20) years ...
The crime of aggravated assault requires proof that a person attempts to cause, or in fact does cause, serious bodily injury to another by use of a deadly weapon, or means likely to produce serious bodily harm.
¶ 9. The elements of aggravated assault were established through the testimony of John McManis ánd Latasha Pegues. Mr. McManis testified that at the time of the incident, Bertram had a knife in his hand and hit Mr. McManis and Marshall, both of whom were injured and required medical attention. Pegues testified that she saw Bertram walk through her backyard and throw down an object, when the police came to investigate the object was discovered to be a knife, and the knife was identified by Mr. McManis at trial as the knife used by Bertram.
¶ 10. The State introduced pictures of the laceration to Mr. McManis’s head. Although Marshall did not testify, Mr. McManis and the investigating officer testified that Marshall had a very deep laceration on his neck, that was bleeding so profusely it required that he be airlifted to the hospital.
¶ 11. A party is entitled to jury instructions which fairly state the law, are supported by the facts, and are not unnecessarily duplicative. See Seigfried v. State, 869 So.2d 1040 (¶ ¶ 11,13) (Miss. Ct App.2003). Thé instructions of which Bertram complains meet all these criteria. Accordingly, there was no error in the giving of these instructions.
II.
That the Court erred in failing to grant the motion for directed verdict and motion for JNOV
¶ 12. Bertram argues that he was entitled to a directed verdict or JNOV because there was no proof that a deadly weapon was used to inflict the injuries.
¶ 13. This Court finds no merit in this argument. There was clear testimony that Bertram held a knife in his hand. The wounds were of such a nature from which the jury could conclude they were made by a knife.
 ¶ 14. The credibility of witness testimony is the province of the jury. Jackson v. Daley, 739 So.2d 1031, 1039 (¶29) (Miss.1999). The Mississippi Supreme Court has “repeatedly held that the jury is responsible for judging the credibility of witnesses and the weight that should be attached to their testimony.” Id. The jurors heard the testimony of both John McManis and Bertram McManis and found the elder McManis’ testimony credible. It is well established in Mississippi that a jury, as the finder of fact, is entitled to consider not only facts as testified to by witnesses, but all inferences that may be reasonably and logically deduced from the facts and evidence. Pryor v. State, 349 So.2d 1063, 1064 (Miss.1977). Considering the evidence in its totality in the light most favorable to the verdict, with all reasonable inferences that may be drawn, we find that reasonable ánd fair-minded jurors could have found the accused guilty as charged.
¶ 15. We do not find that the trial court abused its discretion in denying a new trial, or a judgment notwithstanding the verdict.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF TWO COUNTS OF AGGRAVATED ASSAULT, AS AN HABITUAL OFFENDER, AND SENTENCE OF TWENTY YEARS ON EACH COUNT TO RUN *652 CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO DESOTO COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR.