484 So.2d 1009 (1986)
Ruben Doyle FOSTER, Sr.
v.
STATE of Mississippi.
No. 55383.
Supreme Court of Mississippi.
February 26, 1986.
*1010 Steven E. Farese, Farese, Farese & Farese, Ashland, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
This is another of those cases where the prosecution was obligated seasonably to make discovery but didn't, as a result of all of which, coupled with the trial judge's refusal to allow defendant a reasonable continuance, we must reverse.
On November 19, 1981, Ruben Doyle Foster was indicted by the Grand Jury of Lee County for unlawful possession of a Schedule II illegal controlled substance with intent to deliver. On February 1, 1982, Doyle made a written request for discovery in accordance with Rule 4.06, Unif.Crim.R.Cir.Ct.Prac., specifically asking that the State disclose
... the names of addresses of all witnesses ... who [sic] the State intends to rely upon to prove the averments contained in the indictment, including witnesses in chief.
Some ten minutes prior to the commencement of trial  over 13 months later, after the discovery request, on March 3, 1983, to be specific  the prosecution furnished to the defense the name of Joe Allen Jackson. The prosecution advised that Jackson would be one of its witnesses in chief. Defense counsel immediately approached *1011 the court and moved for a continuance. The motion was denied and the trial was ordered commenced immediately thereafter. Jackson was called as a witness in chief for the State and narrated his rather substantial role in arranging the sale of the illegal controlled substances, which testimony, of course, was quite damaging to Foster's cause.
Without question one accused of a crime is entitled to disclosure from the prosecution of "names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial". Rule 4.06(1), Unif.R.Cir.Ct.Prac. A written request made by the defense is all that is necessary to impose upon the prosecution the obligation to make discovery  and to make discovery seasonably. Morris v. State, 436 So.2d 1381, 1387 (Miss. 1983). Put otherwise, the obligation to make discovery in no way depends upon or need wait upon an order of the circuit court directing same. Barnes v. State, 460 So.2d 126, 133 (Miss. 1984); Franklin v. State, 460 So.2d 104, 105-06 (Miss. 1984); Hooten v. State, 427 So.2d 1388, 1389-90 (Miss. 1983) ("Although an order is not required under the Mississippi Criminal Rule... .") The fact that the defendant apparently made no follow-up in the thirteen months after the February 1, 1982 discovery request avails the State nothing. The duties to make discovery imposed upon parties by Rule 4.06 are continuing. Failure to bring noncompliance to the court's attention in no way waives a defendant's right to discovery once properly requested. Fuselier v. State 468 So.2d 45, 56 (Miss. 1985); Acevedo v. State, 467 So.2d 220, 224 (Miss. 1985); Harris v. State, 446 So.2d 585, 589 (Miss. 1984).
The State seeks to avoid the impact of the discovery rule by arguing that the district attorney's office did not realize that Jackson would be a witness on its case in chief until the last minute. This ignores the fact that the Bureau of Narcotics had known of Jackson's involvement in the case since November of 1981. Under such circumstances knowledge of Jackson is imputed to the State. Fuselier v. State, 468 So.2d 45, 56 (Miss. 1985); Box v. State, 437 So.2d 19, 25 n. 4 (Miss. 1983) (Robertson, J., concurring).
The State further attempts to avoid the thrust of our law by arguing that Jackson is one who may fairly be labeled a confidential informant and hence his name was not discoverable. We have vested a certain amount of discretion in the trial judges regarding such matters in route to application of our rule that ordinarily identity of an informant must be revealed where the informant was a participant in the crime or an eye witness to the offense. See Breckenridge v. State, 472 So.2d 373, 377 (Miss. 1985); Wilson v. State, 433 So.2d 1142, 1144 (Miss. 1983). That issue is a red herring in this case. The State's determination that Jackson should be called as a part of the State's case in chief establishes for purposes of the present proceedings that Jackson was a material witness. As such, his name was discoverable under Rule 4.06(1).
Foster's conviction must be reversed. In so holding, we make clear that we announce no per se rule with respect to discovery violation. Where the state is tardy in furnishing discovery which it was obligated to disclose, the defendant is entitled upon request to a continuance postponement of the proceedings reasonable under the circumstances. Henry v. State, 484 So.2d 1012, 1014 (Miss. 1986); McKinney v. State, 482 So.2d 1129, 1131 (Miss. 1986); Cabello v. State, 471 So.2d 332, 343 (Miss. 1985); Box v. State, 437 So.2d 19, 26 (Miss. 1983) (Robertson, J., concurring). By no means does this mean invariably that the defendant will be entitled to a continuance until the next term of court. There will no doubt be cases where postponement of a day or two, or in some cases even an hour or two, will suffice. Because the trial judge refused to grant Foster a reasonable continuance under the circumstances, this conviction must be reversed and the case remanded for a new trial.
*1012 REVERSED AND REMANDED FOR A NEW TRIAL
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and HAWKINS, JJ., concur.