536 So.2d 909 (1988)
Larry Lee MOORE
v.
STATE of Mississippi.
No. 57971.
Supreme Court of Mississippi.
December 21, 1988.
Mose Lee Sudduth, Jr., Columbus, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and GRIFFIN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Larry Lee Moore was indicted by the Grand Jury of Clay County, Mississippi, on April 4, 1985, for the murder of Mathew Temple. After a jury trial, Moore was convicted and sentenced to serve life in the custody of the Mississippi Department of Corrections. Moore appeals his conviction and sentence, assigning one error.
On November 5, 1984, around 7:30 p.m., Larry Lee Moore shot and killed Mathew Temple. Understandably, there were two versions as to how the incident came about. The state adduced evidence at trial that Moore and Temple had been involved in a pool room fight earlier in the evening. After the pool room manager broke up the fight and asked Temple and his friend, *910 Jefferson, to leave, Moore and Collins got into Moore's car and left the area, only to return ten minutes later. Moore emerged from his car with a gun, walked up to Temple, who was standing by the side of a building, shouted some obscenities at Temple, and shot him twice.
Larry Lee Moore took the stand in his own defense. His version of the events corroborated the earlier fight in the pool room. After the manager threw them out, Temple and Jefferson picked up broken beer bottles outside and started yelling that if Moore and his friend, Collins, came out they would kill them. Moore and Collins stayed in the pool room another 15-20 minutes, then went out and headed for their car. Jefferson and Temple began following them down the street and came toward the car with broken bottles. Moore and Collins got in the car and locked the doors. Temple told them to get out of the car because he was going to kill them. Moore testified that he had his gun with him in the car and that he laid it down by his leg, opened the door to step out of the car, at which point Temple threw down his bottle and went into his pocket. At that point, Moore shot him. He testified he was afraid of Temple because he had seen Temple the day before with a .32-calibre gun and knew that Temple always carried some sort of weapon. He shot twice because after the first shot, Temple was still coming out of his pocket like he had a weapon. Moore's version of events was corroborated, in various parts, by four witnesses.
We are asked on appeal to consider one proposition:
The Court Erred in Overruling Appellant's Motion to Suppress Statements of Appellant Contained in the Police Report of Sergeant James Collins Due to the State's Failure to Timely Provide Said Report to Appellant as Required by Rule 4.06 of the Mississippi Uniform Criminal Rules of Circuit Court Practice.
Shortly after the shooting, while the defendant was under the physical restraint of Sergeant James Collins, Moore made the following statement: "Yes I shot him. I'll shoot your damn ass." The statement was later recorded by Sergeant Collins in his report dated November 5, 1984. The state made its initial tender of discovery in a letter dated April 8, 1985, which stated, "1. the recorded statement to any law enforcement officer: none." Supplemental discovery was provided by letter dated July 8, 1985, but again disclosed no statements of Moore. On July 12, 1985, shortly before the selection of the jury, the state gave a copy of Sergeant Collins' report to defense counsel; Moore moved to suppress the report which contained his statement, or in the alternative, to be allowed a brief postponement to examine the report so as to be able to prepare a defense. The lower court denied the motion to suppress and also denied the motion for a continuance.
Moore argues that because Unif.Crim.R. Cir.Ct.Prac. 4.06 provides that "the prosecution shall disclose to each defendant ... upon request and without further order ... a copy of any recorded statement of the defendant to any law enforcement officer," the state was required to provide defense counsel with this statement at a reasonable time before trial. Since the state failed to do so, Moore was entitled to a reasonable continuance, citing Foster v. State, 484 So.2d 1009, 1011 (Miss. 1986). In Foster, this Court stated: "Where the state is tardy in furnishing discovery which it was obligated to disclose, the defendant is entitled upon request to a continuance postponement of the proceedings reasonable under the circumstances." Id. at 1011.
The state, citing Morris v. State, 436 So.2d 1381 (Miss. 1983), points out that the record contains no written request by defense counsel for the state to produce discovery under Rule 4.06. Neither was there a motion for discovery filed by defense counsel nor is there a discovery order entered by the trial court. In Morris this Court stated: "We hold that, where no discovery order has been entered, the request for discovery under Rule 4.06, to be enforceable, must be in writing." Morris, 436 So.2d at 1387. This Court has since reiterated that a written request is necessary to trigger the state's obligation to produce discovery under Rule 4.06. See, e.g., Brock v. State, 530 So.2d 146 (Miss. *911 1988); Stewart v. State, 512 So.2d 889, 891 (Miss. 1987); Reuben v. State, 517 So.2d 1383, 1386 (Miss. 1987); Inman v. State, 515 So.2d 1150, 1153 (Miss. 1987); Foster v. State, 484 So.2d 1009, 1011 (Miss. 1986); Barnes v. State, 460 So.2d 126, 133 (Miss. 1984); Ford v. State, 444 So.2d 841, 842 (Miss. 1984).
At the outset, we hold that the statement recorded in Sgt. Collins' report was discoverable under Rule 4.06 by virtue of the fact that Moore made his statement while under physical restraint by Sgt. Collins and was recorded by Collins in his report. At some point before trial, the state obviously made a decision to use the statement as evidence against Moore but failed to notify defense counsel. This kind of "trial by surprise" is exactly what Rule 4.06 was designed to avoid. Acevedo v. State, 467 So.2d 220, 223 (Miss. 1985).
We are faced here, however, with a situation entirely different from that existing in our previous cases concerning discovery issues. Here, the state instituted the discovery before the defendant made a written request for it under Rule 4.06 by sending a letter dated April 8, 1985, which unequivocally stated that the state had no recorded statement to any law enforcement officer. The state supplemented this discovery on July 8, 1985, and again did not disclose the statement to Moore. Then, on July 12, 1985, shortly before the jury was selected, the state gave a copy of Sgt. Collins' report to defense counsel. Defense counsel promptly did exactly what this Court mandates be done in the event of a discovery violation. He moved to suppress the report containing the statement or, in the alternative, to be allowed a brief postponement to examine the report so as to be able to prepare a defense. Defense counsel did not even have the temerity to request a continuance, merely a brief postponement.
As we said in Foster v. State, 484 So.2d 1009, 1011 (Miss. 1986), there is no per se rule with respect to discovery violations, which we have repeatedly said, beginning with Box v. State, 437 So.2d 19 (Miss. 1983). In Foster we reversed because the trial judge refused to grant either a reasonable continuance under the circumstances or a postponement. The same legal result must follow in this case, for to affirm it in this situation would allow the prosecutor to volunteer discovery to defense counsel before defense counsel has filed a written request for discovery, and then withhold information that otherwise the state would be obligated to furnish under Rule 4.06. To countenance this result would be to countenance obvious circumvention of Rule 4.06.
We hasten to point out that the reasoning we engage in here in no way diminishes the application of Morris v. State, 436 So.2d 1381 (Miss. 1983), and its progeny, which declares that any request for discovery under Rule 4.06 by a defendant, where no discovery order has been entered, must be in writing to be enforceable. But, today we hold that where the state volunteers discovery in the absence of a discovery order or written request, it may not then withhold discovery it would otherwise be obligated to disclose.
We reiterate that, "[w]here the state is tardy in furnishing discovery which it was obligated to disclose, the defendant is entitled upon request to a continuance postponement of the proceedings reasonable under the circumstances." Foster v. State, 484 So.2d 1009, 1011 (Miss. 1986). We also reiterate to prosecuting attorneys and defense attorneys alike our commitment to the proposition that "justice is more nearly achieved when, well in advance of trial, each side has reasonable access to the evidence of the other." Box v. State, 437 So.2d 19, 21 (Miss. 1983).
Moore's conviction is reversed and this case is remanded for a new trial consistent with this opinion.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.