571 So.2d 1382 (1990)
Darlene MULLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2239.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Darlene Mullin, appeals her sentence for trafficking in cocaine, pursuant to a nolo contendere written plea agreement, negotiated with appellee, the State, and the court. We reverse and remand.
The focal point of this appeal concerns the provision, in the written plea agreement, *1383 that provided for a polygraph examination to verify the truthfulness and completeness of a sworn statement given by appellant.
In exchange for compliance with all terms of the plea agreement and appellant's truthful statement, the State would waive the minimum mandatory sentence and fine. The polygraph provision of the plea agreement provided that "if the results of the polygraph examination or conversation with the polygraph examiner indicate that [appellant] was not truthful during the sworn statement," the State would not waive the mandatory penalties and appellant would not be permitted to vacate her plea.
Additionally, as part of this polygraph condition, appellant stipulated "to the competency of the polygraph examiner, the results of the examination, and that the polygraph technique is reliable." Appellant also waived any right to contest such results, competency, and/or reliability.
During the plea colloquy, the trial court read each paragraph of the agreement. Appellant indicated her understanding of each condition. The trial court further explained:
If the results of the lie detector test conversations indicate that you are not truthful during that sworn statement or any of those sworn statements, the State will not waive the minimum mandatory sentence as prescribed in Florida Statute 893.35 or waive the mandatory fine; do you understand that?
Appellant responded "yes."
The court entered a written order ratifying the plea agreement. The order included the following:
... [N]o stipulation or agreement has been reached with regard to the nonmandatory term aspect of the potential sentence applicable to the defendant in this cause. Accordingly, this Court is free to sentence the Defendant to a nonmandatory term ranging in excess of the stipulated mandatory sentence up to a period of thirty years on the count in this cause that charges the Defendant with a violation of Florida Statutes 893.135.
The additional condition of a possible thirty year sentence, exceeding the guidelines was not read as part of the plea colloquy. Thus, the record does not reflect that appellant was ever apprised of that possible consequence.
At the sentencing phase, the State alleged that appellant had not complied with the terms of her plea agreement because she had failed the polygraph examination. To prove its allegation that appellant did not comply with the polygraph term of the agreement, the State presented testimony of a police detective.
The detective testified that she had been told by her sergeant that appellant had failed the polygraph examination. The State offered no other evidence, other than this hearsay testimony, to show that appellant did not comply with the polygraph term of the agreement.
The trial court found that appellant had breached the polygraph provision of the plea agreement. Appellant was then sentenced to ten years in prison, with a minimum mandatory of three years, for trafficking in cocaine. Appellant's guidelines recommended range was five-and-one-half to seven years, and the permitted range four-and-one-half to nine years. In addition, the court imposed a $50,000 mandatory fine.
Appellant contends that the trial court abused its discretion in finding that she had breached the plea agreement claiming that there was insufficient evidence to establish she was untruthful on the polygraph test. Appellant further contends that since she was not aware of, and did not agree to, the provision to be sentenced outside the guidelines, the case should be remanded for resentencing.
The State concedes that although appellant substantially complied with some of the terms of the agreement, she nonetheless failed the polygraph exam. The State contends that, absent any evidence or proffer presented by appellant at the hearing, the hearsay evidence is sufficient to support the court's findings of noncompliance. Further, the State submits that appellant's *1384 claim of improper sentencing is without merit in light of the trial court's order ratifying her plea agreement.
We first find that the hearsay evidence adduced at the sentencing hearing was insufficient to sustain the trial court's finding. This evidence was inconclusive and hence, no competent evidence was presented pertaining to the polygraph examination.
We further find that appellant was not bound by the terms of the order providing for sentencing outside the guidelines. Therefore, if appellant failed to comply with the express terms of the sentencing agreement, she should be sentenced within the permitted range of the sentencing guidelines. See Barnes v. State, 553 So.2d 778 (Fla. 4th DCA 1989).
Accordingly, we reverse and remand for an evidentiary hearing on appellant's compliance with the terms of the plea agreement. In the event that the court finds a violation of the terms, based upon competent evidence, appellant is to be sentenced within the permitted range of the guidelines.
Reversed and remanded with instructions.