PIERCE, Justice,
Dissenting.
¶ 22. I write separately in dissent because I do not think that the defendant is entitled to a new trial. Uniform Circuit and County Court Rule 9.04 governs what is required to be produced during discovery and regulates the procedure for dealing with discovery violations. The rule states in pertinent part that:
[T]he prosecution must disclose to each defendant or to defendant’s attorney, and permit the defendant or defendant’s attorney to inspect, copy, test, and photograph upon written request and without the necessity of court order the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecution:
Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or otherwise preserved of each such witness and the *385 substance of any oral statement made by any such witness....;
Miss. Unif. Cir. & Cty. R. 9.04(A)(1) (emphasis added). The rule also spells out specifically what must be done when a confidential informant (Cl) is part of the prosecution’s case. The rule reads:
Disclosure of an informant’s identity shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose his/her identity will infringe the constitutional rights of the accused or unless the informant was or depicts himself/herself as an eyewitness to the event or events constituting the charge against the defendant.
Miss. Unif. Cir. & Cty. R. 9.04(B)(2). The rule requires that disclosure must be made when the Cl is an eyewitness to the events giving rise to the prosecution, as was the case here. Id. The rule also requires a written request be made in order to trigger the State’s requirement to provide discovery. Miss. Unif. Cir. & Cty. R. 9.04(A)(1). The record in the case sub judice reveals no such request was ever made until the morning of the trial.
¶ 23. Rule 9.04 and its predecessor, Rule 4.06, maintain that a written request is required to trigger the prosecution’s duty to provide discovery. Miss. Unif. Cir. & Cty. R. 9.04; Swinford v. State, 653 So.2d 912 (Miss.1995); Moore v. State, 536 So.2d 909 (Miss.1988). However, “where the state volunteers discovery in the absence of a discovery order or written request, it may not then withhold discovery it would otherwise be obligated to disclose.” Moore, 536 So.2d at 911. In Stewart v. State, 512 So.2d 889, 892 (Miss.1987), we reversed a conviction because the State withheld discovery until the day before trial,' and we stated, “Discovery, to be sufficient, must be made at a time far enough in advance of trial to give the defense a ‘meaningful opportunity’ to make use of it.” Stewart, 512 So.2d at 892. See also Turner v. State, 501 So.2d 350 (Miss.1987); Gray v. State, 487 So.2d 1304 (Miss.1986); Henry v. State, 484 So.2d 1012 (Miss.1986); McKinney v. State, 482 So.2d 1129 (Miss.1986).
¶ 24. Rule 9.04 and other discovery guidelines were designed to avoid ambush or unfair surprise to either party at trial. Holland v. State, 587 So.2d 848, 866-67 (Miss.1991). Where the State is tardy in furnishing discovery which it was obligated to disclose, the defendant is entitled upon request to a continuance of the proceedings reasonable under the circumstances. Foster, 484 So.2d 1009, 1011 (Miss.1986) (citing Henry v. State, 484 So.2d 1012, 1014 (Miss.1986); McKinney v. State, 482 So.2d 1129, 1131 (Miss.1986); Cabello v. State, 471 So.2d 332, 343 (Miss.1985), cert. denied 476 U.S. 1164, 106 S.Ct. 2291, 90 L.Ed.2d 732 (1986); Box, 437 So.2d at 26 (Robertson, J., concurring)). Despite all of this, a defendant still should show that the lack of discovery prejudiced him or worked to his detriment. Hunt v. State, 687 So.2d 1154, 1164 (Miss.1996).
¶ 25. Despite the clarity of these rules, there may still be discovery violations because the prosecution fails to reveal the identity of a confidential informant. Rule 9.04 applies to situations such as this and requires that:
If at any time prior to trial it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances.
Miss. Unif. Cir. & Cty. R. 9.04(1)
¶ 26. This Court has held that “an accused’s remedy for tardy disclosure of that *386 to which he is entitled in pre-trial discovery is a continuance that is reasonable under the circumstances.” Dowbak v. State, 666 So.2d 1377, 1885 (Miss.1996) (citing Middlebrook v. State, 555 So.2d 1009 (Miss.1990)); Moore v. State, 536 So.2d 909, 911 (Miss.1988). We have previously noted that the timing of a continuance may vary, as it does not have to be to the next term of the court, but may be only a matter of hours or even minutes. Foster v. State, 484 So.2d 1009 (Miss.1986). The length of the continuance is governed by what is reasonable under the circumstances. Id. This rule was developed in a case involving the failure to disclose a confidential informant. See id.
¶27. Based on the rules as set out above, in the case sub judice, the State would not have been required to disclose any discovery, as no written request was received until the morning of the trial. Miss. Unif. Cir. & Cty. R. 9.04(A). However, consistent with the holding in Moore, since the State volunteered discovery, it was then bound to produce the remainder of evidence that was discoverable, and the failure to do so was a discovery violation. Moore, 536 So.2d at 911. While I agree with the holding in Moore, it is distinguishable from the facts in this case. The argument in that matter centered around the disclosure of a confession taken by a police officer and logged in his report. Id. The State then produced discovery, which included a statement that the State had no recorded statements by the defendant to any law enforcement officers. Id. The State thereafter supplemented discovery, and again failed to note the existence of a specific inculpatory statement. Id. Finally, shortly before the jury was selected, the State produced this statement. Id. The judge then denied the motion for a continuance, and this Court held that there was a discovery violation, and the denial of the continuance was reversible error. Id. This Court reiterated in Moore that this sort of trial by ambush or surprise is exactly what the rules of discovery were designed to prevent. Id.
¶ 28. In this case, the State provided discovery on January 4, 2008. A continuance was granted, changing the date of the trial from February 4, 2008, to March 19, 2008. Plea negotiations were ongoing throughout this period and culminated with the defendant rejecting the State’s final offers on the morning of the trial. Counsel for the defendant then presented the State with a letter requesting the identity of the informant for the first time. The defendant made no other request for discovery nor did he attempt to find the identity of the Cl until the morning of the trial. The defendant had known since he received the indictment, that the State had alleged Densmore had sold illegal drugs to a confidential informant, yet he never requested the identity of the Cl until the morning of the trial. While I reiterate the holding in Moore, I also believe that a defendant should not simply sit back and wait for the State to provide him with all discovery and then claim error when it does not follow through.[4]
*387 ¶ 29. A defendant has an affirmative duty to request discovery even if it is nothing more than a one-sentence request to the State. Miss. Unif. Cir. & Cty. R. 9.04(A). Similarly, the State also has a duty to follow the rules of discovery. It is inconsistent with the rules for the prosecution to maintain a policy that it will not disclose the identity of a confidential informant before plea negotiations end. While I believe this policy is held in good faith and not done to prejudice a defendant, Rule 9.04 does not leave this area open for interpretation, as it states conclusively that the identity of a Cl must be disclosed if he/she is an eyewitness to the alleged crime. Miss. Unif. Cir & Cty. R. 9.04(B)(2). Nonetheless, counsel for the defendant was aware of the existence of a Cl, as he was in possession of the video showing the alleged drug transaction, and the indictment stated the transaction took place using an informant. Therefore, this defendant could not have been surprised by the testimony of the Cl, as was the case in Moore, where a confession was withheld. Moore, 536 So.2d at 911.
¶ 30. As for the granting of the continuance, there is no shortage of cases which involve the failure to disclose the identity of a confidential informant. However, pri- or cases have not presented a situation such as this, where a short continuance was granted in order to review facts and information about the Cl. As previously stated, I believe that defense counsel may not sit back and wait to be endowed with all the discovery available to the State. In this case, the trial court did grant a continuance, but did not rule on the record concerning whether there was a violation. Nonetheless, in this case, any discovery violation was cured by a continuance reasonable under the circumstances.
¶ 31. This Court continually has noted that there are circumstances in which a continuance need be for only a matter of hours or minutes. Foster, 484 So.2d at 1011. This rule was announced in Foster v. State, in which this Court discussed the failure to disclose the identity of a CL Id. While the trial court did not originally grant a continuance in that matter, this rule was nonetheless developed, signaling the Court’s willingness to accept a short continuance where the identity of a Cl was involved. Id. In this case, the trial court did grant a continuance for approximately three and a half hours so the defense could run a National Crime Information Center check on the Cl. Furthermore, the testimony of the Cl was not heard until the second day of trial, which allowed the defendant to further develop his defense. The NCIC check was important in allowing the defense to view the criminal record of the Cl so that defense counsel could properly cross-examine and attempt to impeach his testimony. The defense was given adequate time and properly brought forth the many prior criminal convictions of the Cl and also his motive for being a CL
¶ 32. The facts here show that the defendant had a copy of the video of the confidential informant procuring the illegal drugs from the defendant. It is apparent from this video what the substance of the testimony coming from the Cl would be. The defendant also had the benefit of the actual indictment, which noted that the drug transaction took place with a Cl. It was quite evident what the substance of the testimony from the Cl would concern. This Court has held that, where it is obvious what a witness is going to testify, there is no unfair surprise or trial by *388 ambush. See Lewis v. State, 725 So.2d 183, 187 (Miss.1998); Brown v. State, 690 So.2d 276, 290 (Miss.1996). It cannot be said that the defendant would be surprised by what the Cl would testify, since there was clear visual evidence showing what had occurred. While the audio is unavailable, this is of little consequence, as the video fairly depicted the illegal transaction.
¶ 33. With all of this said, the defendant cannot simply sit back and wait for errors to be made and then complain later when he fails to take proper steps to prevent those errors. Had the defendant timely requested disclosure of the identity of the Cl, and that request was denied until the day of trial, I would concur with the majority. Nonetheless, the defendant has not shown that a lack of discovery worked to his detriment or prejudiced him. Hunt, 687 So.2d at 1164. Moreover, Mississippi Rule of Evidence 103(a) provides that “[ejrror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” Miss. R. Evid. 103(a). Dens-more has not demonstrated that previously-undisclosed evidence introduced at trial took him by surprise, prejudiced him, or affected one of his substantial rights. Hunt, 687 So.2d at 1164. Therefore, his arguments on this point are without merit.
CARLSON, P.J., RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.

. The famous dissent of Justice Hawkins characterizes the view of the majority in this matter well. "So let me be quite plain what this Court is saying to defense counsel in these ... cases. It does not matter how experienced a trial lawyer you are, you can sit in the trial and remain totally silent when an error is committed. You need not then object. Furthermore, when you have gone home, had time to study and reflect away from the heat of battle, and thereafter meticulously prepare the reasons to the circuit judge why you believe an error was committed during trial, you still need not raise the question before the trial court. You may supinely relax with the assurance that this Court will nevertheless take care of your client on ap *387 peal.” Griffin v. State, 557 So.2d 542, 554 (Miss.1990) (Hawkins, P.J., dissenting).