GRIFFIS, P.J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. The motion for rehearing is granted, and our original opinion is withdrawn, with this opinion substituted in lieu thereof.
¶ 2. Jerome Patterson was convicted in the Choctaw County Circuit Court of sale of hydrocodone and sentenced to fifteen years in the custody of the Mississippi Department of Corrections with seven years suspended and eight years to serve followed by five years of supervised probation. He appealed, and the appeal was assigned to this Court. He asserts a single issue, which we state verbatim: whether the trial court erred when it failed to grant appellant’s motion for a continuance where the State failed to timely disclose the name and address of a witness and confidential informant until the day before trial. We find that the circuit court correctly determined that the State did not commit a discovery violation and that the circuit court did not abuse its discretion in denying Patterson’s motion. Therefore, we affirm.
FACTS
¶ 3. On September 24, 2009, a Mississippi Bureau of Narcotics agent, Steven Woodruff, used a confidential informant (“Cl”) to purchase twelve hydrocodone tablets from Patterson. Agent Woodruff searched the Cl and then gave him money for the drug purchase. Agent Woodruff observed the Cl walk to Patterson’s pickup truck “open the driver’s door, get something out, put something in and walk back.” A camera was secreted upon the Cl’s person, and the recording showed an unidentifiable person walking to a pickup truck and transferring unidentifiable objects in a manner similar to Agent Wood-ruffs observations. Both Agent Woodruff and the Cl observed Patterson standing nearby his pickup truck. When the Cl returned from Patterson’s pickup truck to Agent Woodruffs location, Agent Wood-ruff searched him and retrieved the twelve hydrocodone tablets. Both Agent Wood-ruff and the Cl, who was ultimately identified as Steven Sanders, were eyewitnesses to the transaction, and both testified at trial. The only other witness called was a forensic scientist with the Mississippi Crime Laboratory who testified that the tablets were indeed hydrocodone. The defense rested its case without calling any witnesses or presenting any evidence.
¶ 4. The sale occurred on September 24, 2009. Thereafter, Patterson was arrested and had an initial appearance before a justice court judge on October 16, 2009. Defense counsel was appointed, and a preliminary hearing was scheduled for November 12, 2009. Patterson made bond on October 16, 2009, and the preliminary *45 hearing was cancelled by order dated November 5, 2009.
¶ 5. Patterson was indicted on January 19, 2010. He was arraigned on January 26, 2010, and his trial was set for Tuesday, February 16, 2010. He filed a motion for discovery on January 28, 2010, and the State responded on February 2, 2010. The record is clear that the State provided all material required; however, the name of the Cl was redacted at that time. Trial was initially set for February 16, 2010, but it was continued by the trial judge until February 18, 2010. One day prior to trial, on February 17, 2010, the circuit court held a motion hearing upon, among other things, Patterson’s motion for a continuance.
¶ 6. At the hearing, Patterson’s attorney stated that he had met with Patterson on February 9, 2010, and they viewed the dvd recording together. Patterson’s attorney stated that he had been in plea negotiations with the State until February 11, 2010. He further stated that the State identified the Cl “a couple of days” after the initial discovery response on February 5, 2010. Patterson’s attorney was unable to locate Sanders despite having been given his name. The State provided Patterson with Sanders’s telephone number on February 15, 2010, which was two days before the motion hearing. Nevertheless, at the motion hearing, Patterson’s attorney stated that he had not been able to interview Sanders. It appears that Patterson’s attorney telephoned Sanders on February 15, 2010, but Sanders declined to speak with him about the drug transaction. The State responded at the motion hearing that it would make Sanders available at 11:00 a.m. for Peterson’s attorney to interview him, and it would also provide Patterson’s attorney with the Sanders’ NCIC sheet at that same time. The circuit court reserved ruling on the motion for a continu-anee pending Patterson’s attorney’s interview of Sanders to determine if anything new or unexpected arose from the interview. There is no doubt that the State provided the NCIC material, nor is there any doubt that Patterson’s attorney personally interviewed Sanders on February 17, 2010. The next day, in the presence of the jury venire, the circuit court questioned the attorneys about their readiness to proceed. The assistant district attorney responded: “The State of Mississippi is ready for trial, your Honor.” The circuit judge asked: “And what says the defense?” Patterson’s attorney responded: “Your Honor, I would like to renew my motion for a continuance, but as we stated yesterday, we are ready to go.” The circuit court denied the motion for a continuance, and Patterson was tried and convicted.
ANALYSIS
¶ 7. Uniform Rule of Circuit and County Court 9.04(B)(2) provides that a Cl’s identity must only be revealed in discovery when the State proposes to call the Cl as a witness at trial or the Cl is an eyewitness to the offense. In this case, Patterson admits that he was in plea negotiations until February 11, 2010, and Patterson further admits that the State disclosed the name of the Cl prior to that date. Therefore, there simply was no discovery violation. There is no doubt that the State may not refuse to reveal discoverable information until the eve of trial if it had prior knowledge of the information so as to prejudice the defendant’s right to a fair trial. See, e.g., Densmore v. State, 27 So.3d 379, 383 (¶ 14) (Miss.2009); Fulks v. State, 18 So.3d 803, 805 (¶ 10) (Miss.2009). However, that did not occur in this case. Rather, the State not only provided the name of the Cl at least a week prior to the motion hearing and the Cl’s telephone number two or three days prior to trial, *46 but it went even further and facilitated Patterson’s interview of the Cl at the prosecutor’s office.
¶ 8. Uniform Rule of Circuit and County-Court 9.04(1) provides that if anytime prior to the commencement of trial, a trial court learns a party has failed to comply with discovery, the trial court “may order such party to permit discovery of material and information not previously disclosed, grant a continuance, or enter such order as it deems just under the circumstances.” In this case, while there was no discovery violation, at the motion hearing it became clear that for reasons beyond the control of either Patterson or the State, Patterson’s attorney had been unable to interview the Cl. The circuit court noted that the State was making the Cl available for an interview and providing the NCIC material. The circuit court then properly reserved ruling on the motion for continuance to see if the interview would prove insufficient for Patterson’s attorney to prepare to meet the Cl’s testimony. Patterson does not point to any fact that he might have learned had he been given a continuance, and in fact, his attorney announced on the day of trial that he was “ready to go.”
¶ 9. Patterson contends, upon appeal, that the State failed to comply with the seminal case of Box v. State, 437 So.2d 19 (Miss.1983) which is now stated in Uniform Rule of Circuit and County Court 9.04(1). This rule requires that if during a trial the State attempts to introduce any information which was not timely disclosed to the defense, the defense must be granted a continuance in which to prepare for the non-disclosed evidence. Box, 437 So.2d at 23-24 (Robertson, J., specially concurring.) In this case, however, there was no discovery violation. Patterson had no right to know the Cl’s identity until after February 11, 2010, and he admits that the State had already disclosed the name of the Cl before that date.
¶ 10. Moreover, even under the progeny of Box, there is no hard and fast rule of how much time a defendant need be given to prepare to confront the evidence against him; rather, there must be a case-by-case determination governed by the unique facts of each case. “There will no doubt be cases where postponement of a day or two, or in some cases even an hour or two, will suffice.” Foster v. State, 484 So.2d 1009, 1011 (Miss.1986). The key inquiry is whether under the “unique facts” of that case the trial court allowed “a reasonable opportunity to prepare confront the State’s evidence at trial.” Reuben v. State, 517 So.2d 1383, 1386 (Miss.1987).
¶ 11. Nevertheless, even when the rules of discovery are satisfied, a defendant might still be entitled to a continuance in order to prepare for trial. Sanders v. State, 38 So.3d 639, 646-47 (¶24) (Miss.Ct.App.2010). While the decision to deny a motion for a continuance is given considerable discretion, the key inquiry is whether a defendant has been afforded a “reasonable opportunity” to confront the State’s evidence at trial. Id. at 646 (¶ 23). For there to be error, an appellate court must find that the denial of the continuance resulted in “manifest injustice.” Id.
¶ 12. In this case the record shows that the circuit court, as well as the State, acted to ensure that Patterson could confront the evidence against him. The circuit court ascertained that Patterson had over three week’s notice of when the trial would occur:
BY THE COURT: Okay, this case was — he was arraigned on January the 26th, 2010. This case was set for this term of Court. I don’t believe it was set *47 for tomorrow. It was set for yesterday, wasn’t it?
BY THE ASSISTANT DISTRICT ATTORNEY: Yes, your Honor.
The following excerpt shows the circuit court considered the complexity of the case and the level of preparation necessary:
BY THE COURT: And it [the date of trial] has been moved two days from ... the 16th to the 18th. It has already been moved there. So it has been set for three weeks, so there has been adequate time to do these things on a case that ... the State has three witnesses: A lab tech, the confidential informant and I assume, a nare?”
BY THE ASSISTANT DISTRICT ATTORNEY: Yes, your Honor.
The circuit court determined that there was not a discovery violation and that Patterson would have an opportunity to investigate what the Cl’s testimony would be, stating:
BY THE COURT: But there is no Box violation here. I mean there is no discovery violation to even have a Box procedure. They have given you the name of the informant, which is what the rules require. In addition to that, they are going to produce him.
BY THE COURT: [Y]ou are entitled to know his name. They are going beyond what they have to do. They are going to produce him for you to talk to him, so we will just have to see how it works.
The circuit court reserved ruling on the motion for continuance to first determine if Patterson’s interview of the Cl produced any facts that necessitated further investigation in order to prepare fully for trial. The record reflects the following:
BY THE COURT: I’m going to reserve ruling until he has the opportunity [talk with the C.I. who] is going to be here at 11 o’clock.
BY THE ASSISTANT DISTRICT ATTORNEY: Yes, your Honor.
BY THE COURT: I’m going to reserve — that may produce some new stuff ... [I]f he talks to him, if he gives him information, and it may produce some new facts that may justify a continuance. On what I have got right now, I’m not going to grant it, but I’m going to give you the opportunity to talk to this person and see what that brings.
[[Image here]]
Then, only after having determined that Patterson’s interview of the Cl did not reveal any facts requiring further investigation, the circuit court denied the motion for a continuance as follows:
BY PATTERSON’S ATTORNEY: Your Honor, I would like to renew my motion for a continuance, but as we stated yesterday[,] we are ready to go.
BY THE COURT: Okay. I reserved my ruling on that. The things I reserved it for did not occur, so I overrule the motion.
The record shows that the circuit court correctly determined not only that there was no discovery violation but also that Patterson had every opportunity to prepare to meet the State’s case without any unfair surprise.
¶ 13. The real issue present in this case has little to do with discovery. Rather, the issue is whether the short time between when Patterson was allowed a meaningful opportunity to interview Sanders and the commencement of trial allowed Patterson a reasonable opportunity to prepare to cross-examine Sanders. To be clear, the record shows that Patterson’s attorney diligently and skillfully performed his duties. At the motion hearing on February 17, 2010, Patterson contended he had been unable to interview the Cl. It appears that Patterson’s attorney’s heavy *48 trial schedule and lack of independent resources did not allow him to locate Sanders despite having been given his name. It is clear from the record that Patterson’s attorney telephoned Sanders on Tuesday evening prior to trial on Thursday, but Sanders declined to discuss what he would testify to at trial. At the conclusion of the motion hearing, the circuit court reserved its ruling on the motion for continuance, because the State was making the Cl available for interview later that day and providing all pertinent NCIS material that Patterson indicated he needed. The record reflects that the Cl testified that he had known Patterson personally prior to the sale.
¶ 14. At trial, Patterson cross-examined the Cl thoroughly, both as to his being a paid informant who made his living purchasing illegal drugs for the State earning $100 per buy, as well as to his prior felony drug conviction in 2000. Additionally, Patterson cross-examined Sanders as to whether his testimony was consistent both with a written statement he gave shortly after the drug transaction as well with what he had said when he was interviewed the day before trial. Patterson does not point to anything that even remotely suggests that the Cl testified to anything that had not been disclosed prior to trial, nor does Patterson point to any additional fact that either the State failed to disclose, or was later learned, that he could have used to impeach the Cl. Patterson did not claim any alibi, misidentification of him by the Cl, entrapment, not any other defense to the charge. He simply exercised his right to not testify and to not present evidence. There is nothing in the record that shows “manifest injustice” in this case.
¶ 15. Under the facts of this case, Patterson was given a reasonable opportunity to prepare to cross-examine the Cl. The circuit court did not err in denying Patterson’s motion for a continuance. This issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY OF CONVICTION OF SALE OF A SCHEDULE III CONTROLLED SUBSTANCE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SEVEN YEARS SUSPENDED, EIGHT YEARS TO SERVE, AND FIVE YEARS OF SUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
ISHEE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
MYERS, J., NOT PARTICIPATING.